IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



**ERNEST DONALD WASHINGTON,**

    Petitioner,

v.                                                                                                  Civil Action No. **3:18CV792**

**TAMMY WILLIAMS,** *et al.*,

    Respondents.

## MEMORANDUM OPINION

Ernest Donald Washington, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 5)[1] challenging his convictions in the Circuit Court for the County of Stafford, Virginia ("Circuit Court"). Respondents move to dismiss, *inter alia*, on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. Washington has responded. For the reasons set forth below, the Motion to Dismiss (ECF No. 24) will be GRANTED.

## I. PROCEDURAL HISTORY

On September 28, 2010, following a jury trial, Washington was convicted of "six counts of attempted indecent liberties" and "five counts of use of a computer to expose his genital parts to a person he had reason to believe was a child." (ECF No. 26–2, at 1 (citation omitted).) The Circuit Court sentenced Washington to eighty years of imprisonment. (*See id.*)

Washington appealed. (*See* ECF No. 26–1, at 1.) On August 9, 2011, the Court of Appeals of Virginia denied Washington's petition for appeal. (*Id.* at 3.) Washington pursued a further

---

[1] The Court employs the pagination assigned to the parties' submissions by the CM/ECF docketing system. The Court corrects the spacing, capitalization, punctuation, spelling, and various abbreviations in the quotations from Washington's submissions.

appeal to the Supreme Court of Virginia. *See Washington v. Commonwealth*, No. 111639, at 1 (Va. May 3, 2012). On May 3, 2012, the Supreme Court of Virginia refused Washington's petition for appeal. *Id.* Thereafter, on July 20, 2012, the Supreme Court of Virginia denied Washington's "request for an extension of time to file an amended petition for rehearing in [the] case." *Washington v. Commonwealth*, No. 111639, at 1 (Va. July 20, 2012).

On January 2, 2013, Washington filed a petition for a writ of habeas corpus in the Circuit Court. (*See* ECF No. 26–2, at 2.) On September 16, 2014, the Circuit Court denied Washington's state habeas petition. (ECF No. 26–2, at 7–8.) Washington failed to properly perfect an appeal to the Supreme Court of Virginia. *See Washington v. Commonwealth*, No. 1477–16–4, at 1 (Va. Ct. App. Dec. 2, 2016).[2]

On January 22, 2015, Washington filed his first federal petition for a writ of habeas corpus ("First § 2254 Petition").[3] *See* First § 2254 Pet. 14, *Washington v. Beale*, No. 3:15CV69–HEH (E.D. Va. filed Jan. 22, 2015), ECF No. 1. Subsequently, on June 22, 2015, Washington filed a Motion to Withdraw his First § 2254 Petition. (*See* ECF No. 26–3, at 1.) By Memorandum Opinion and Order entered on July 13, 2015, the Court granted Washington's Motion to Withdraw and dismissed the action without prejudice. (*Id.* at 1–2.)

---

[2] Washington twice attempted to appeal the Circuit Court's denial of his state habeas petition by filing a notice of appeal with the Virginia Court of Appeals, rather than the Supreme Court of Virginia. However, neither notice of appeal was timely filed "thereby preventing [the Court of Appeals of Virginia] from transferring the case to the Supreme Court of Virginia." *Washington v. Commonwealth*, No. 1477–16–4, at 1 & n.1 (Va. Ct. App. Dec. 2, 2016).

[3] This is the date that Washington states that his First § 2254 Petition was deposited in the prison mailing system. *See* First § 2254 Pet. 14, *Washington v. Beale*, No. 3:15CV69–HEH (E.D. Va. filed Jan. 22, 2015), ECF No. 1. The Court deems Washington's First § 2254 Petition to be filed as of this date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

2

On November 6, 2018, Washington filed the instant § 2254 Petition. (ECF No. 1, at 3.)[4]

In his § 2254 Petition, Washington asserts the following claims for relief:

Claim One: "[The Circuit] Court lack[ed] jurisdiction: No evidence connected [Washington] to any evidence produc[ed] by [the] Commonwealth." "No communication device was taken from [Washington] to connect him with the charges and no search and seizure was done. Trial transcript shows that [the Circuit] Court had no jurisdiction and law office[r] testif[ied that] he had no jurisdiction to arrest [Washington]." (§ 2254 Pet. 5.)

Claim Two: Trial counsel rendered ineffective assistance because "[t]rial counsel did no investigation for [an] alibi defense, call[ed] no witnesses, failed to file any motions, failed to object to all inadmissible evidence (hearsay evidence), trial counsel relied on [the] Commonwealth's investigation, [trial counsel filed] no motion to suppress any evidence, trial counsel refused to do appeal, [and] counsel fail[ed] to perform any pretrial functions." (*Id.* at 7.)

Claim Three: Appellate counsel rendered ineffective assistance because "both counsels failed to bring up [the following] reviewable claims": "No computer was seized for evidence, no search and seizure warrant, no search of the crime scene, no chain of custody, no printout date on any documents, no court order, unsign[ed] discovery, no adequate foundation to show evidence, no nexus, hearsay testimony, inadequate legal representation, no IP address belonging to [Washington], no evidence the profile was made by [Washington]." (*Id.* at 8.)

Claim Four: "No adequate eviden[tiary] foundation was set, no forensic technician to prove accuracy of evidence," "[n]o computer-generated evidence, no dates on evidence documents, no equipment standard was brought up, plain error, transcript of trial printout software program wasn't rais[ed], no computer evidence from [Washington] to show if he had an electronic device to connect him with the charges." (*Id.* at 10.)

---

[4] This is the date on which Washington signed the instant § 2254 Petition and the date on which the United States Postal Service processed the envelope containing the § 2254 Petition. (*See* ECF No. 1, at 3; ECF No. 1–1, at 1.)

3

## II. ANALYSIS

### A. Statute of Limitations

Respondents contend that the federal statute of limitations bars Washington's claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

1.  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
    - (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    - (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    - (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    - (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
2.  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B. Commencement and Running of the Statute of Limitations

Under 28 U.S.C. § 2244(d)(1)(A), Washington's conviction became final on October 18, 2012,[5] when the time to file a petition for a writ of certiorari expired. *See Hill v. Braxton*, 277

---

[5] On July 20, 2012, the Supreme Court of Virginia denied Washington's "request for an extension of time to file an amended petition for rehearing in [the] case." *Washington v. Commonwealth*,

4

F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); Sup. Ct. R. 13(1) (requiring that a petition for certiorari be filed within ninety days of entry of judgment by state court of last resort or of the order denying discretionary review).

The statute of limitations began running on October 19, 2012. Seventy-five days of the limitation period expired before Washington filed his state petition for a writ of habeas corpus on January 2, 2013. (*See* ECF No. 26–2, at 2); *see also* 28 U.S.C. § 2244(d)(2). The statute of limitations began running again on September 17, 2014, the day after the Circuit Court dismissed Washington's state petition for a writ of habeas corpus. (*See* ECF No. 26–2, at 7–8.) On January 22, 2015, Washington filed his First § 2254 Petition in this Court. *See* First § 2254 Pet. 14, *Washington v. Beale*, No. 3:15CV69–HEH (E.D. Va. filed Jan. 22, 2015), ECF No. 1. Thereafter, Washington moved to withdraw his First § 2254 Petition (*see* ECF No. 26–3, at 1), and by Memorandum Opinion and Order entered on July 13, 2015, the Court granted Washington's Motion to Withdraw and dismissed the action without prejudice. (*Id.* at 1–2.)

However, because "an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)," Washington's First § 2254 Petition did not toll the limitation period. *Duncan v. Walker*, 533 U.S. 167, 181 (2001). Therefore, after the limitation period began to run again on September 17, 2014, two hundred and ninety-three days later, on July 6, 2015, the limitation period

---

No. 111639, at 1 (Va. July 20, 2012). Thereafter, Washington did not pursue any further review in the Supreme Court of Virginia. For the purposes of calculating the limitation period in this case, the Court assumes, without deciding, that the Supreme Court of Virginia's July 20, 2012 Order constituted the final order denying discretionary review in the state court. *See* Sup. Ct. R. 13(1).

expired.[6] Washington filed the instant § 2254 Petition on November 6, 2018, more than three years after the expiration of the limitation period. Accordingly, the statute of limitations bars the § 2254 Petition.

### C. Belated Commencement Under 28 U.S.C. § 2244(d)(1)(D)

Washington contends that he is entitled to a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(D). (*See* § 2254 Pet. 13.) In support of that contention, Washington argues: "I learn[ed] about the due diligence in studying my own case and ask for a certificate of appealability so I can correct the errors that were made in my first habeas [petition], which I did not know how to do. The main claims were not brought up." (*Id.*)

Under 28 U.S.C. § 2244(d)(1)(D), a petitioner may be entitled to a belated commencement of the limitation period to "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). "[T]he petitioner bears the burden of proving that he exercised due diligence, in order for the statute of limitations to begin running from the date he [or she] discovered the factual predicate of his claim, pursuant to 28 U.S.C. § 2244(d)(1)(D)." *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006) (citing *Lott v. Coyle*, 261 F.3d 594, 605–06 (6th Cir. 2001)). A habeas applicant who "merely alleges that [he or she] did not actually know the facts underlying his or her claim does not" thereby demonstrate due diligence. *In re Boshears*, 110 F.3d 1538, 1540 (11th Cir. 1997). Rather, to obtain a belated commencement of the limitation period, the applicant must explain why a reasonable investigation would not have unearthed the facts prior to the date under which the

---

[6] The limitation period ran for seventy-five days before Washington filed his state habeas petition. After the Circuit Court dismissed Washington's state habeas petition, the limitation period began to run again on September 17, 2014, and ran for two hundred and ninety days until Friday, July 3, 2015. However, Friday, July 3, 2015 was the observed federal holiday for Independence Day. As such, the limitation period expired three days later on Monday, July 6, 2015.

6

limitation period commenced under 28 U.S.C. § 2244(d)(1)(A). *See id.* at 1540–41 (rejecting petitioner's assertion that he could not have discovered his new *Brady* claim prior to filing his first § 2254 petition).

Here, Washington presents claims regarding the Circuit Court's lack of jurisdiction over his case, the sufficiency of the evidence, and the ineffectiveness of trial counsel and appellate counsel. (*See* § 2254 Pet. 5, 7, 8, 10.) To qualify for belated commencement under 28 U.S.C. § 2244(d)(1)(D), Washington must demonstrate that a reasonable investigation would not have unearthed the factual predicates of these claims until after his conviction became final on October 18, 2012. At the latest, Washington was aware of the facts underlying all of his claims at the conclusion of his direct appeal on July 20, 2012. Washington fails to provide any facts or argument to suggest that he acted with due diligence.

Furthermore, in his Response to the Motion to Dismiss, Washington vaguely suggests that "[a]ll the claims fall under a fundamental miscarriage of justice" and "a fundamental miscarriage of justice is shorthand for a situation where a constitutional violation [resulted] in the conviction of one [who] is actually innocent of the substantive offense." (ECF No. 32, at 9–10 (citation omitted) (internal quotation marks omitted)). However, Washington fails to tender any new reliable evidence of his innocence or otherwise coherently demonstrate why his § 2254 Petition should be deemed timely filed. *See Hill v. Johnson*, No. 3:09cv659, 2010 WL 5476755, at *5 (E.D. Va. Dec. 30, 2010) (citing *Weeks v. Bowersox*, 119 F.3d 1342, 1352–53 (8th Cir. 1997); *Feaster v. Beshears*, 56 F. Supp. 2d 600, 610 (D. Md. 1999)); *see also Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (citation omitted) (emphasizing that actual innocence means factual innocence and not just legal insufficiency). Accordingly, the § 2254 Petition is barred by the statute of limitations.

7

## III. WASHINGTON'S MOTION TO AMEND

On May 6, 2019, Washington filed a Motion to Amend seeking leave of Court to add an attachment to his § 2254 Petition. (ECF No. 34.) Washington submitted the proposed attachment, which consisted of pages from the trial transcript, as an exhibit to his motion. (ECF No. 34-1.) Subsequently, Washington filed a Supplement to his § 2254 setting forth additional facts and argument to support Claim One. (ECF No. 35, at 1-2.) Washington's Motion to Amend (ECF No. 34) will be GRANTED to the extent that the Court will consider Washington's attachment. The Court will also consider Washington's Supplement to his § 2254 Petition. Nevertheless, the Motion to Amend and the subsequent Supplement have no impact on the conclusion that the § 2254 Petition is barred by the relevant statute of limitations.

## IV. CONCLUSION

For the foregoing reasons, Washington's Motion to Amend (ECF No. 34) will be GRANTED. Respondents' Motion to Dismiss (ECF No. 24) will be GRANTED. Washington's § 2254 Petition (ECF No. 5) will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.[7]

An appropriate Final Order shall issue.

/s/ *(signature)*
Roderick C. Young
United States Magistrate Judge

Date: February 25, 2020
Richmond, Virginia

---

[7] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & 4 (1983)). Washington fails to meet this standard.

8